1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   ERICA DAWN OLSON,                )      NO. CV 12-404-R (AGR)
12                Petitioner,          )
13          v.                         )
14   D.K. JOHNSON, Warden,             )      ORDER TO SHOW CAUSE
15                Respondent.          )
16                                     )
17   _____   )
18
19          On January 17, 2012, Petitioner filed a Petition for Habeas Corpus
20   pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the
21   one-year statute of limitations has expired.
22          The court, therefore, orders Petitioner to show cause, on or before
23   *February 21, 2012*, why this court should not recommend dismissal of the
24   petition with prejudice based on expiration of the one-year statute of limitations.
25   ///
26   ///
27   ///
28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.

## PROCEDURAL BACKGROUND

In December 1995, Petitioner was convicted of first degree murder, attempted murder, residential burglary, child abuse, and robbery.  (Petition at 2.) On January 17, 1996, she was sentenced to life without the possibility of parole plus 6 years.  (*Id.*)

On May 30, 1997, the California Court of Appeal affirmed the judgment. (*Id.* at 3.)  On September 3, 1997, the California Supreme Court denied review. (*Id.*)

On July 9, 2009, Petitioner filed a habeas petition in the Superior Court, which was denied on August 10, 2009.  (*Id.* at 3-4.)  On December 3, 2009, Petitioner filed a habeas petition in the Court of Appeal, which was denied on March 12, 2010.  (*Id.* at 4.)  On August 6, 2010, Petitioner filed a habeas petition in the California Supreme Court, which was denied on April 20, 2011.  California Appellate Courts online docket in Case No. S185183.[1]

On January 10, 2012, Petitioner constructively filed the federal petition, which was lodged in this court on January 13, 2012, and filed on January 17, 2012.  (Petition at Proof.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ

---

[1]  Petitioner gives different dates for the filing and the denial, but according to the California court's online docket, Petitioner is incorrect.  (Petition at 4-5.) The discrepancies are immaterial to the issue of the statute of limitations.

of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Supreme Court denied review on direct appeal on September 3, 1997.  Petitioner's conviction became final ninety days later on December 2, 1997.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations expired on December 2, 1998.

#### 1.    Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Because Petitioner did not file her first state habeas petition until July 9, 2009, she is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

#### 2.    Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of

1   an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this

2   reason only when "'extraordinary circumstances beyond a prisoner's control

3   make it *impossible* to file a petition on time'" and "'the extraordinary

4   circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*,

5   628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

6          There is no indication in the petition that Petitioner is entitled to equitable

7   tolling.

8          **B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

9          In the context of an ineffective assistance claim, the statute of limitations

10  may start to run on the date a petitioner discovered (or could have discovered)

11  the factual predicate for a claim that his counsel's performance was deficient, or

12  on the date a petitioner discovered (or could have discovered) the factual

13  predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150,

14  1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the

15  date on which the factual predicate of the claim or claims presented could have

16  been discovered through the exercise of due diligence."  28 U.S.C. §

17  2244(d)(1)(D).  The statute starts to run when the petitioner knows or through

18  diligence could discover the important facts, not when the petitioner recognizes

19  their legal significance.  *Hasan*, 254 F.3d at 1154 n.3.

20         In Ground One, Petitioner alleges her counsel failed to object to the

21  amendment of the information.  (Petition at 5.)  Thus, Petitioner was aware of the

22  factual predicate of her ineffective assistance claim at trial.

23         Accordingly, the date of discovery of Ground One does not assist Petitioner

24  as it is earlier than the date the statute of limitations started to run (December 2,

25  1997) based on the finality of her conviction.

26                                          **III.**

27                              **ORDER TO SHOW CAUSE**

28         IT IS THEREFORE ORDERED that, on or before **February 21, 2012**,

Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if she fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  January 19, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge